UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANCILLA BELL, o/b/o V.O.,

    Plaintiff,

v.                                       CASE No. 8:10-CV-2648-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her daughter.* The plaintiff does not challenge the denial of the claim for child's disability benefits, and therefore that denial will be affirmed. The decision of the Commissioner of Social Security on the claim for adult disability benefits is erroneously based on the medical-vocational guidelines, rather than the testimony of a vocational expert. Accordingly, that aspect of the decision will be reversed and the matter remanded for further consideration.

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

Verlisia N. Odom was born on November 13, 1991, and was seventeen years old at the time of the administrative hearing (Tr. 36). The plaintiff, who is the child's mother, has filed a claim for supplemental security income. She alleges that the child is disabled due to behavioral problems and a learning disability (Tr. 133). The claim was denied initially and upon reconsideration.

The child's mother, at her request, then received a de novo hearing before an administrative law judge. Following the hearing, the law judge found that the child has severe impairments of behavioral problems and a learning disorder (Tr. 16). The law judge concluded that the child does not have an impairment which meets, or equals, "any of the impairments listed in 20 CFR 404, Subpart P, Appendix 1 Part A or B" (id.). The law judge also found that "the claimant did not have an impairment or combination of impairments that functionally equaled the listings" (id.). The law judge, therefore, determined that the child was not entitled to child disability benefits (Tr. 24).

In addition, the law judge noted that the child turned eighteen after the administrative hearing, but before the decision was rendered.

Accordingly, the law judge considered whether the individual (hereafter "claimant") was entitled to supplemental security income as an adult. The law judge found that the claimant had not developed any new impairment, but continued to have a severe impairment or combination of impairments (id.). The law judge found that the claimant "had the residual functional capacity to perform a full range of work at all exertional levels" (id.). Based upon this finding, and the claimant's age and education, the law judge determined that the medical-vocational guidelines directed a finding of not disabled (Tr. 25). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924. That three-step analysis, however, is significantly different than the five-step analysis applied to claims by adults. Compare 20 C.F.R. 416.920.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims by adults. See 20 C.F.R. 416.920. The initial question is whether the claimant is engaged in substantial gainful activity because, if so, the claimant will be found not disabled. 20 C.F.R. 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 416.920(g). In such cases, the regulations direct that an

individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The focus of the law judge's decision was on the claim for child's benefits. The law judge addressed that claim at length. She concluded that, under the more restrictive criteria for child's benefits, the claimant was not disabled. The plaintiff expressly "does not contest the findings of the Administrative Law Judge through the date that [the claimant] turned 18" (Doc. 23, p. 7). Accordingly, the decision will be affirmed with respect to the claim for child's benefits.

In contrast to the law judge's thorough discussion concerning child's benefits, the law judge's assessment of the adult claim is abbreviated, incomplete, and seriously flawed. The law judge seems to have been thrown off-balance by the fact that the claimant turned eighteen just seventeen days before the decision was issued.

For example, in assessing a claim involving an adult alleging a mental impairment, the law judge is required to rate the degree of functional

limitations in the areas of (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decomposition. 20 C.F.R. 416.920a(c), (e)(4). That was not done in this case. Moreover, the more detailed assessment required at steps four and five of the sequential analysis was also not performed. See Social Security Ruling 96-8p, 1996 WL 374184 at *4 (S.S.A.).

The plaintiff has not challenged these deficiencies in the decision. Consequently, they do not provide a basis for reversal. Nevertheless, they underscore the flaws in the decision.

The plaintiff challenges the law judge's decision primarily on the ground that the law judge erred by finding that the claimant did not have a severe impairment after turning eighteen (Doc. 23, p. 2). That contention is essentially mistaken. Thus, the law judge found that, "[s]ince attaining age 18, the claimant has continued to have a severe impairment or combination of impairments" (Tr. 24). Unfortunately, the law judge does not make clear what that severe impairment is or what the severe combination of impairments are. However, that lack of clarity, by itself, would not justify reversal.

The plaintiff, citing Pickney v. Chater, 96 F.3d 294, 296-97 (8th Cir. 1996), asserts that in that case "borderline intellectual functioning was a significant enough non-exertional impairment to trigger the need to use a vocational expert" (Doc. 23, pp. 7-8). The Commissioner construes this assertion as a contention that the law judge improperly relied upon the grids and should have called a vocational expert, and has joined issue on that contention (Doc. 24, pp. 7-12). This contention has merit and warrants reversal.

At the outset, the contention raises further problems with the law judge's decision. The law judge found that the claimant, after reaching age eighteen, "had the residual functional capacity to perform a full range of work at all exertional levels" (Tr. 24). On its face, this finding means that the claimant had no exertional or nonexertional limitations. If this were true, the use of the grids would be proper.

However, a finding of no nonexertional limitations at all is contradicted by other parts of the decision. Thus, the law judge stated that, "[s]ince attaining age 18, the claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations" (Tr.

25). What those limitations are was not stated, and they were not included in the residual functional capacity.

The law judge added that the nonexertional "limitations have little or no effect on the occupational base of unskilled work at all exertional levels" (id.). This statement, however, is not subject to meaningful judicial review since the law judge failed to specify the nonexertional limitations. See Owens v. Heckler, 748 F.2d 1511 (11th Cir. 1984).

Furthermore, a finding of no nonexertional limitations, or of nonexertional limitations that have little or no effect on the occupational base, is contradicted by the finding of a severe impairment or combination of impairments. By definition, a severe impairment "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 416.920(c). Since the claimant has no physical impairment, her unspecified impairment(s) must be mental. Consequently, the claimant has a nonexertional impairment that significantly limits her ability to work. This circumstance precludes the use of the grids, and requires, instead, the use of a vocational expert.

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at

a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). Accordingly, Eleventh Circuit decisions establish that, in light of the plaintiff's nonexertional limitations (whatever they are), the law judge could not rely upon the grids, but was required to employ a vocational expert.

In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant, who suffered from, among other things, borderline intellectual functioning, had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. Id. at 839. He concluded that the claimant could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. Id. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (id.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do unlimited types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. Id. It was therefore error to rely upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

Because the law judge improperly relied upon the grids in deciding the claimant's application for adult benefits, the decision as to that claim will be reversed. In fairness to the law judge, who did a thorough job in evaluating the child's benefits claim, I am surmising that she did not have a vocational expert at the hearing because one is not normally needed in a child's benefits case, but that she got caught short when the claimant turned eighteen just before the decision was issued.

The claimant also raises a complaint about a failure to develop the record after she turned eighteen. It is unnecessary to address this issue since the record can be developed further on remand.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED as to the claim for child's disability benefits. However, as to the claim for adult disability benefits, the decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in

accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of November, 2011.

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE